OPINION
{¶ 1} Defendant Melanie Jeskey appeals a judgment of the Court of Common Pleas of Muskingum County, Ohio, which terminated her marriage with plaintiff Bernard Jeskey, divided the marital property and assets, ordered spousal support, and named appellee father as the residential parent of the parties' two children, Dustin and Dylan. At the time of the final hearing, Dustin was 12 years old and Dylan was 9 years old. Appellant does not challenge the merits of the divorce or the property settlement, but only the custody issues. Appellant assigns four errors to the trial court:
 {¶ 2} "I. Whether the appellant was denied her statutory right to cross examine the Custody investigator pursuant to Ohio revised Code 3109.04 (c).
 {¶ 3} "II. Whether the trial court abused its discretion by abritrarily [sic] quashing the Subpoena of the Custody investigator after the trial.
 {¶ 4} "III. Whether the trial court abused its discretion by denying the appellant the right to call a rebuttal witness.
 {¶ 5} "IV. Whether the court abused its discretion in awarding custody of the minor children to the appellee."
 {¶ 6} A time line of how the case progressed will be helpful. Appellee filed for divorce on June 27, 2002. On July 26, 2002, appellee moved the court to order psychological evaluations for appellant and the parties' two children, and offered to pay for the cost of the evaluations. Appellee's motion specifically requests the court to name Dale Wenke, to do the evaluations.
 {¶ 7} On August 6, 2002, appellant filed an answer and counterclaim for divorce. She also moved the court to order appellee to submit to a psychiatric evaluation, and did not object to Dale Wenke performing the evaluation, or suggest someone else. On August 28, 2002, the magistrate ordered appellant, appellee, and the children to submit to psychological evaluations and directed the written report would be submitted to the trial court pursuant to R.C. 3109.04. The court named Dale Wenke as the evaluator, and ordered costs to be advanced by appellee.
 {¶ 8} Also on August 28, 2002, the magistrate set a final trial date for February 6, 2003. Pursuant to the order, the parties were to provide all documents and exhibits in discovery not less than 14 days before the trial date. The order provided if there was no objection within 7 days, then the document or exhibit would be deemed admissible. The judgment entry also directed the parties to submit their witness lists by October 31.
 {¶ 9} On October 31, appellant and appellee filed their witness lists. Appellee's witness list included Dale Wenke's name; appellant's did not.
 {¶ 10} It appears from the record, a pre-trial conference was held on January 15, 2003, although the magistrate did not file written orders or memorialize the matters discussed. On January 15, 2003, the court ordered Wenke's report to be provided to both counsel.
 {¶ 11} On January 22, 2003, appellant moved for leave to supplement her witness list with the name of Jennie Newbrough, a mental health counselor. The magistrate overruled the motion to supplement the witness list, noting the request was filed a mere 11 business days prior to trial, and adding an expert witness that close to the date of trial would impair the appellee's ability to conduct discovery about the witness.
 {¶ 12} The magistrate also found appellant had not asserted she did not know the identity of the witness prior to the deadline of October 31, 2002. She alleged she did not know she needed the witness until she received the report of the court-ordered psychological evaluation. The magistrate's order overruling the motion to supplement the witness list was filed on January 28, 2003. The record does not demonstrate appellant objected to the magistrate's decision, until April 25, 2003, when she filed her objections to the magistrate's final order of April 14, 2003. The trial court overruled all objections and adopted the magistrate's decision.
 {¶ 13} Both parties filed the list of the exhibits they anticipated admitting at trial, and neither listed Dale Wenke's report. They also filed a list of stipulated joint exhibits, which also does not contain any reference to Mr. Wenke's report.
 {¶ 14} On February 4, 2003, appellant issued a subpoena for Dale Wenke accompanied by an $18.00 witness fee. Wenke did not appear for trial, and appellant objected to admission of his report. The magistrate took the matter under advisement, and later entered an order overruling appellant's motion to strike. The trial court adopted this order as well.
 I II {¶ 15} In her first and second assignments of error, appellant argues she was denied her statutory right to cross-examine the custody investigator pursuant to R.C. 3109.04.
 {¶ 16} R.C. 3109.04 (C) provides the court may cause an investigation to be made into, inter alia, the character, family relations, and past conduct of each parent and may order the parents and the children to submit to medical, psychological, or psychiatric examinations. The statute provides the report of the investigation and examination shall be made available to either parent or the parent's counsel of record not less than five days before trial, upon written request. The statute provides the report must be signed by the investigator, and the investigator shall be subject to cross-examination by either parent concerning the contents of the report. The statute provides the court may tax as costs all or any part of the expenses for each investigation. Civ. R. 75 (D) mirrors the statute.
 {¶ 17} In her objections to the magistrate's evidentiary ruling admitting the Wenke report, appellant alleges she subpoenaed Dale Wenke for his personal appearance at the trial and provided a one day out-of-county witness fee of $18.00. After receiving the subpoena, Wenke called counsel and requested a witness fee of $400 for appearing. Counsel allegedly informed Wenke appellant did not have the financial resources to pay a fee up-front, and counsel could not ethically advance the fees. Counsel alleges he indicated to Wenke the subpoena must be complied with, but counsel could be flexible on the time to limit the time Mr. Wenke must be available to testify. Counsel alleges Wenke told counsel that while he understood his position, he would need to call the magistrate to straighten things out. Appellant's counsel alleges Wenke did not contact him again.
 {¶ 18} On February 6, 2003, appellant called Dale Wenke to testify, but he was not there. Counsel stated Wenke had not appeared in response to the subpoena, and as a result, counsel would move that the psychological evaluation prepared by Wenke not be admitted into evidence. Appellee's counsel responded appellant knew Wenke required an expert appearance fee of $350 per day, and appellant did not pay. The court took the matter under advisement. Appellant did not proffer what the nature of her cross-examination of Wenke would be, but Wenke's report was unflattering to appellant.
 {¶ 19} The magistrate's ruling overruling appellant's motion to strike the report, states counsel was informed at a pre-trial conducted on January 15, if either party desired Wenke to appear at trial, that party would be expected to pay the fee. Neither appellant nor appellee objected to this procedure in the pre-trial conference. As stated supra, no judgment entry memorializing the January 15, pre-trial is to be found in the record.
 {¶ 20} The magistrate found appellant is entitled to compel Wenke to appear for trial by the issuance of the subpoena under Civ. R. 45, regardless of whether he is testifying as a lay witness or as an expert witness. Further, if Wenke wished to resist the subpoena on the ground he should be paid for his time in attending the trial, the proper procedure would have been for him to move the court for an order quashing the subpoena. The magistrate found because Wenke was the court's expert, it "appears obvious" the court could quash the subpoena on its own motion.
 {¶ 21} The trial court's judgment entry overruling appellant's objection to this ruling finds because all parties were aware of the necessity of paying the witness fee to compel Wenke's appearance, the issuing of a subpoena by appellant under these circumstances flies in the face of the spirit, if not the order, of the court.
 {¶ 22} Although there is no record or judgment entry regarding the pre-trial, appellee's counsel stated what had occurred both at the beginning of appellant's case-in-chief, and also at the very end of the trial. In fact, it was appellee's counsel who discussed with the magistrate the possibility of reconvening to have Wenke appear and testify.
 {¶ 23} The record is disturbing in a number of matters, not the least of which being the possibility of ex parte communications. We find the magistrate is correct in finding the appropriate mechanism would have been for Wenke to move to quash the subpoena. Whether the magistrate can quash the subpoena on his own motion is questionable, but under any circumstances, due process requires all parties have notice of a motion to quash and be afforded the opportunity to respond.
 {¶ 24} While the Revised Code and the Civil Rules permit the court to assess costs in proportions and at times determined by the court, it is difficult to see how the court could allocate reasonable fees before the fact. By requiring a party to pay a full day's witness fee prior to his appearance, the court has in effect determined before hand the fee is reasonable, regardless of the amount of time the expert actually spent in court. Additionally, appellee also has the right to cross-examine the expert, and if he does so, might be expected to bear some of the costs. In other words, we find to order any party to pay the fee prior to the hearing is inappropriate.
 {¶ 25} Nevertheless, we cannot find on this record that appellant preserved her rights. As the magistrate and court noted, appellant did not object to the order or notify the court appellant would be unable to pay the fee. Even as late as the date of the conversation with Wenke, appellant could have filed a motion with the court asking Wenke's fee be taxed as costs in the action, pursuant to the statute and the rule. Further, as the trial court found, the relief appellant requested was to strike the report. Because appellant did not object to the admissibility of the report in a timely fashion, the court found striking the report as inadmissible was not the appropriate relief in this situation.
 {¶ 26} We find appellant did not preserve her right to object to Wenke's nonappearance.
 {¶ 27} The first and second assignments of error are overruled.
 III {¶ 28} In her third assignment of error, appellant argues the court abused its discretion in not allowing her to add Jennie Newbrough's name to her witness list. We note counsel did not proffer for the record what Newbrough's testimony would be, and the court was left to speculate on this issue. Appellant also did not object to the magistrate's decision of January 28, 2003, until April, after the trial was held.
 {¶ 29} Appellant suggests Newbrough was a rebuttal witness, intended to challenge the custody evaluation report submitted by Wenke. Appellant urges she could not have anticipated such a witness was required until after she reviewed the report given her on January 15. Appellant's witness list had been due on October 31.
 {¶ 30} This would be a strong argument for a rebuttal witness to appellee's expert witness. However, Wenke was the court's witness, and the statute only requires his report be provided to all counsel not less than 7 days before trial. Because of this time constraint, we find no error in the magistrate's ruling appellant should have anticipated this problem and submitted Newbrough's name as a potential witness on her list. While this result seems harsh, the statute allows disclosure so close to trial.
 {¶ 31} The Supreme Court has frequently held the term abuse of discretion implies the court's attitude is unreasonable, arbitrary or unconscionable, see, e.g., Blakemore v. Blakemore
(1983), 5 Ohio St. 3d 217, 450 N.E. 2d 1140. This court cannot find the trial court abused its discretion in overruling the motion to supplement the witness list.
 {¶ 32} The third assignment of error is overruled.
 IV {¶ 33} In her fourth assignment of error, appellant argues the court abused its discretion in awarding custody of the minor children to appellee. The abuse of discretion standard is applicable to determinations in custody proceedings, Miller v.Miller (1988), 37 Ohio St. 3d 71, 523 N.E. 2d 846.
 {¶ 34} Appellant takes issue with the magistrate's statement he did not rely on Wenke's report, and instead, finds there was sufficient other evidence in the record in support of naming appellee as the custodian of the minor children.
 {¶ 35} We have reviewed the transcript of proceedings, and we find appellee made very extensive use of Wenke's evaluation. Appellee called appellant, appellant's adult daughter, and appellee in his case-in-chief, and utilized the report extensively in eliciting all the witness' testimony. Because we find the trial court did not err in refusing to strike Wenke's report, we find it was not error to elicit the lay testimony by way of the expert's report. This court must further commend the magistrate on his self-discipline in disregarding the report which permeates the record. Nevertheless, the lay witnesses called by both parties presented factual testimony supporting the court's findings.
 {¶ 36} The fourth assignment of error is overruled.
 {¶ 37} For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, of Muskingum County, Ohio, is affirmed.
Gwin, P.J., Wise, J., and Edwards, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Domestic Relations Division, of Muskingum County, Ohio, is affirmed. Costs to appellant.